## Root *v.* Dunlop Sons and ·Co., Appellant.

*Workmen's compensation law—Workmen's Compensation Board—Appeals to—Referee's award—Notice of award—Delay in transmission through mails—Burden of proof—Sections 406 and 423 of Article IV of the Workmen's Compensation Act of 1915 as amended by the Act of 1919.*

On an appeal from an award of a Referee under Section 423 of Article IV of the Workmen's Compensation Act of 1915 as amended by the Act of June 26, 1919, P. L. 642, taken more than ten days after the date the Referee mailed a copy of the award to the appellant, the burden is on the latter to show by competent evidence that the notice of the award was not received, or that there was an unusual delay in transmission through the mails.

In such case affidavits by clerks of the Claim Department of the defendant company to the effect that the notice did not reach the claim department until after a period of delay, establish only that the notice was not received by their department. Such affidavits do not establish that the notice was not received by the defendant, and are insuffcient to meet the burden of proof required by Section 406 of Article IV of the Act of 1915 as amended by the Act of 1919.

Argued October 25, 1926.   Appeal No. 154, October T., 1926, by defendant from judgment of C. P. Potter County, March T., 1926, No. 19, in the case of Leonard C. Root v. John Dunlop Sons and Co., and American Mutual Liability Insurance Company.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Appeal from Workmen's Compensation Board.   Before HECK, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the appeal, and entered judgment for the claimant.   Defendant appealed.

*Errors assigned* were to the dismissal of defendant's exceptions; to the decision of the Workmen's Compensation Board, and the order of the Court.

*Ralph W. Kellam,* and with him *J. Webster Jones,* and *A. N. Crandall,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

This is a case arising under the Workmen's Compensation Act. The referee found that the claimant was entitled to compensation and filed his award on September 14, 1925, and a copy of that decision was mailed to this appellant on September 16, 1925. On October 6, 1925, the insurance company (this appellant) filed an appeal to the Workmen's Compensation Board. On October 15, 1925, the claimant moved the Board to quash the appeal upon the ground that it had not been taken in time. Counsel for the insurance company subsequently filed the affidavits of three clerks, who alleged they were employed in the claim department of the company, which affidavits averred that the notice of the award of the referee was not received in that department of the company until October 1, 1925. The Workmen's Compensation Board, in an opinion filed by its learned chairman, held that the affidavits did not contain all the information essential to determine the question whether the appeal had been taken within ten days after notice of the award of the referee; that is, that the affidavits did not satisfactorily explain the delay, and dismissed the appeal. The insurance company thereupon appealed to the Court of Common Pleas of Potter County, which court sustained the action of the Workmen's Compensation Board and entered judgment for the claimant; from that judgment we have this appeal.

. The Workmen's Compensation Act, in Article 4, Section 406, provides that: "All notices and copies to which any party shall be entitled under the provisions of this article shall be served by mail, or in such other manner as the Board shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and

addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this Act." Section 423 of the same Article, enacts that: "Any party in interest may, within ten days after notice of a referee's award or disallowance of compensation shall have been served on him, take an appeal to the Board" &c. We have here an express legislative declaration that the notice shall be deemed served on the date when mailed. The appellant concedes that this notice was duly mailed on September 16, 1925, and that it must be presumed to have been received by the defendant on September 17, 1925. The burden was, therefore, on the defendant to "show by competent evidence that the notice was not received, or that there was an unusual or unreasonable delay in its transmission through the mails"; for the appeal was not taken for nineteen days. This case might be disposed of upon the ground that the affidavits of its clerks, filed in answer to the motion of the claimant to dismiss the appeal, were not competent evidence. Those witnesses ought to have been produced before the Board and the claimant given an opportunity to cross-examine them. Assuming, however, that those clerks would have testified in the manner indicated by their affidavits, the evidence would not have disclosed the manner in which the mail of the company was received by the general office, or by the adjuster or some other officer authorized to represent the company. The record of the referee discloses that the insurance company was represented at the proceeding by its adjuster, W. I. Mullen, who gave his address

as such officer of the company, as 711 Morris Building, Philadelphia, Pa. The affidavits of the clerks, upon which the appellant relied to escape the consequences of its delay in appealing to the Workmen's Compensation Board, disclosed that they were employed in what they designated as the "claim department" of the company and they testified that the notice in question did not reach that department of the company until October 1, 1925, which was after the expiration of the ten days within which the company would have the unquestioned right to appeal. The affidavit of one of the clerks set forth that "in the usual course of her duties, she received and opened such mail as was directed to the claim department of said company"; and that she received, on October 1, 1925, "a certain envelope addressed to the company containing a copy of the referee's award in the case." Conceding all the facts alleged in these affidavits to be true they would simply establish that the notice was addressed to the company and not merely to the claim department; and that it did not reach that department until October 1, 1925. The appellant presented no evidence as to the manner in which mail addressed to the company was by the company received and distributed to the several departments, for anything that appeared in these affidavits the notice might have been in the hands of some general officer of the company or in the hands of the clerks in some other department for two weeks. No attempt was made to show that the envelope was not properly addressed, and we are not convinced that the Workmen's Compensation Board erred in holding that the appellant had failed to establish that there was "an unusual or unreasonable delay in its transmission through the mails."

The judgment is affirmed.