Walatka v. Levin et al., Appellants.

Argued October 7, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellant.

*Hubert J. Horan, Jr.,* and with him *T. F. Ready,* for appellee.

OPINION BY WHITMORE, J., December 27, 1930:

This is an appeal from a judgment of the court of common pleas No. 5 of Philadelphia County affirming an award of the Workmen's Compensation Board in favor of the claimant, Simon Walatka, against Morris Sussman and New York Indemnity Company, appellants.

The record shows that the claimant, a carpenter, on

January 23, 1926 was in the employ of Morris Sussman who was a sub-contractor under Samuel H. Levin, and in the course of his employment the claimant received an injury resulting in the loss of his left eye. A claim petition was filed against Levin and Sussman, to which Levin and his insurance carrier, the New Amsterdam Casualty Company, filed an answer denying liability. It was referred to a referee, who filed his report and award on May 27, 1926 holding Levin and his insurance carrier liable for compensation and disallowing the claim against Sussman and his insurance carrier. An appeal was taken from the referee's award to the Workmen's Compensation Board and on July 13, 1926 the record was returned to the referee in order that the relationship of Levin and Sussman might be established, and, if a written contract existed between them, this contract should be submitted in evidence. Testimony was again taken by the referee, who returned the record to the Workmen's Compensation Board, finding as a fact that the claimant was in the employ of Morris Sussman, a sub-contractor of Samuel H. Levin, who was the general contractor of a building operation on which claimant was working as a carpenter, and met with an accident on January 23, 1926, and that Levin was liable for the compensation due the claimant. The award thus found by the referee was affirmed by the Workmen's Compensation Board on January 7, 1927.

On June 1, 1927, almost five months after the award of compensation by the board, Levin and the New Amsterdam Casualty Company, his insurance carrier, presented to the court of common pleas No. 5 of Philadelphia County a petition praying for an extension of time for taking an appeal from the award of the compensation board entered January 7, 1927; the prayer of that petition was allowed and an extension of ten days from June 1, 1927 was granted.

On July 21, 1927 the claimant filed a petition for rule to show cause why the appeal should not be stricken off. An answer was filed thereto and on August 25, 1927 the court made an order remitting the record to the Workmen's Compensation Board, the latter filing its second report and award on March 14, 1928. An exception was allowed the New York Indemnity Company, one of the appellants, to the order of court dated June 1, 1927, extending the time for taking an appeal. The matter was so proceeded in that the court below on January 23, 1930 made an order dismissing the appeal filed by Sussman and the New York Indemnity Company and entering judgment against them in favor of the claimant.

The controlling question raised under the assignments of error is whether or not the court of common pleas had power or authority to enter the order of June 1, 1927 extending the time for taking an appeal to that court.

Section 427 of the Workmen's Compensation Law of 1919, P. L. 642-665, provides inter alia:

"Such appeal must be brought within ten days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

This section of the act is mandatory so far as it relates to the period of ten days and as the time for appeal would end at the termination of the ten day period, any application to extend the time would have to be made within such ten day period. The time for appeal by Levin and his insurance carrier expired on January 17, 1927 but no action was taken until June 1, 1927.

Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown

therefor within the statutory limit of time. As the matter stood immediately after the ten day period there was an award against Levin and the New Amsterdam Casualty Company that had become final on the record which could not be disturbed.

It is well contended by counsel for the appellant that the word "extended" as employed in the statute means "prolonged," but a prolongation of time can not occur after the original time limit has expired.

In Fremont Lodge v. Thompson (Wyo. 1916), 154 Pacific Reporter 600, the Supreme Court of that state said: "While the right exists, the statute authorizes the district court to extend the time within which it may be exercised; but, when the right is lost by operation of law, there is no power vested in the court to restore it. The right to bring proceedings in error having expired on June 14, 1914, the order of September 29, 1914, did not restore that right. The proceedings not having been brought within the time allowed by law, this court is without jurisdiction, and therefore the proceedings in error are dismissed by the court on its own motion."

Many of the lower courts of this State have passed upon this question and have uniformly held that in all cases where there is statutory authority to extend time of granting relief, the application therefor must be made in the manner and within the time, if any, fixed by the statute; see Maguire v. Ballard Knitting Co., 29 Pa. Dist. Rep. 994; Houck v. Bobrow Bro. Inc., 3 Pa. D. & C. Rep. 766; Skokan v. Em Lou Coal Co., 1 D. & C. (Pa.) 456-458. In the case last cited the appeal was not perfected within ten days after the award and the court below held that the appeal must be dismissed, stating:

"Claimant in her answer requests permission to perfect her appeal. We do not find any authority in Section 427 of the Act of June 26, 1919 for so doing.

The provision therein limiting the time for appeal to ten days, 'unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal,' clearly indicates that the application for extension of time, and any grant of it, must occur within the running of the ten days and not thereafter. Once the appeal is barred, we are unaware of any power vested in the court to remove the bar.''

We therefore hold that in order to obtain an extension of time in which to file an appeal from an award of the Workmen's Compensation Board, an application must be made during the ten day period allowed for such appeal and not thereafter.

The judgment is reversed. The appeal of S. H. Levin and The New Amsterdam Casualty Company from decision of the Workmen's Compensation Board is stricken off, and the award of the Workmen's Compensation Board, dated January 7, 1927, is reinstated.