Mull v. Snyder et ux.

*Ross R. Scott,* for petitioners; *C. L. Shaver,* for respondent.

BOOSE, P. J., July 23, 1931.—The present proceedings under the above-stated judgment and execution are now before us upon a petition for and answer to a rule to show cause why a reasonable time should not be granted petitioners for the filing of bond and statement of claim, as required by the Act of May 26, 1897, P. L. 95, and the supplements thereto and amendments thereof. The reason alleged in the petition for the rule is, that petitioners' counsel, at the time required, and after the rule for the filing of the bond and statement of claim, was incapacitated on account of illness, and, therefore, was unable to file said bond and statement of claim within the time required by law. The answer of the respondents admits the averments of the first, second and third paragraphs of the petition, including the illness of the petitioners' counsel; but avers that the statutory requirements in regard to giving bond, filing of statement of claim, etc., are mandatory; and that the court is powerless to enlarge the time for the doing of these things, as required by the act.

Section two of the Act of May 26, 1897, P. L. 95, as amended by the Act of May 23, 1923, P. L. 346, and further amended by the Act of April 7, 1927, P. L. 174, provides:

"If, after the said rule is made absolute, the claimant shall fail to give his bond in accordance with section eleven of this act, then the sheriff, on being furnished with a certified copy of the docket entries indicating that no bond and statement have been filed, shall proceed with sale as if no claim had been filed."

Section eleven of the Act of May 26, 1897, P. L. 95, requires:

"The bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so."

Under this section of the act, the statement, as well as the claimant's bond, should be filed within two weeks after the rule is made absolute. It has been held, however, that where the claimant's attorney was disarmed by the actions of his opponent and lulled into inactivity by certain negotiations that were pending, so that he failed to file his statement within two weeks as required, the court might allow him to do so nunc pro tunc: Chase *v.* Kemble, 17 Dist. R. 1063; Earnest *v.* Alexander, 43 Pa. C. C. 540. These cases, however, were decided prior to the amending Act of April 7, 1927, P. L. 174, and, therefore, can have no application to the question now under consideration. As we construe the Act of April 7, 1927, P. L. 174, the claimant must file his bond and statement of title within two weeks after the rule is made absolute,

unless within that time, for cause shown, the court shall extend the time for so doing. In the present case it is admitted by the answer that the rule became absolute on March 25, 1931, although the petition for the rule was not presented until April 20, 1931—more than two weeks thereafter. We need not decide whether the illness of claimant's counsel is sufficient cause for the extension of the time within which the claimant's statement and bond shall be filed. All that we need or do decide is that the claimants having failed to give their bond and file their statement of title or obtain an extension of time, upon cause shown, for so doing, within the time required by the act, the court is powerless to enlarge the time. In support of this conclusion, the following authorities are cited:

"Where a statute fixes the time within which an act must be done . . . . courts have no power to extend it, or to allow the act to be done at a later day as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc:" Schrenkeisen et al. *v.* Kishbaugh et al., 162 Pa. 45; Maguire *v.* Ballard Knitting Co., 29 Dist. R. 994; Skokan *v.* Em Lou Coal Co. et al., 1 D. & C. 456; Walatka *v.* Levin, 100 Pa. Superior Ct. 489.

*Decree*

And now, July 23, 1931, the rule to show cause why a reasonable time should not be extended to the claimants to file their bond and statement of title is discharged.

From Mrs. Daryle R. Heckman, Somerset, Pa.