Wilson *v.* National Freight and Delivery Co. et al.,
Appellants.

Argued March 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM,

BALDRIGE, STADTFELD, PARKER and JAMES, JJ. ▮

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan,* of *Sloan, White and Sloan,* for appellants.

*Chester N. Farr, Jr.,* and with him *Charles Lex Smyth,* for appellee.

PER CURIAM, March 20, 1933:

The history to date of this workmen's compensation case may be thus summarized from the record: Claimant was injured February 6, 1929, while in the course of his employment with National Freight and Delivery Company, and received compensation until December 14, 1930. On December 30, 1930, his employer and its insurance carrier filed a petition for termination of the compensation agreement upon the ground that all disability resulting from the accident had ceased.

As a result of the proceedings then conducted by the compensation authorities, the board reached the conclusion that the disease from which claimant was suffering—paralysis agitans—had been neither caused nor aggravated by the accident and that all disability resulting from the injury had ended.

Early in April, 1932, claimant petitioned the board

for a hearing de novo in order to afford him an opportunity to present additional medical testimony. On April 29, 1932, this petition was refused and an order terminating compensation as of December 14, 1930, was entered by the board. No appeal was taken by claimant from this order within the ten-day limitation prescribed by §427 of the compensation law, as amended by the Act of April 5, 1929, P. L. 175, nor was application made within ten days for an extension of the time, but on June 10, 1932, he presented to the court below his petition for, and obtained, leave to appeal, nunc pro tunc, from the order of the board of April 29, 1932.

On January 26, 1933, the court below filed an opinion holding that the refusal of the board to hear the testimony offered by claimant in rebuttal was the denial of a substantive right accorded him by the act, and made an order remitting the record to the board with directions to hear that testimony. The present appeal is by the defendants from that order.

Passing by the contention of claimant that the order of the court below is merely interlocutory, we cannot ignore the fact that the order of that tribunal, entered June 10, 1932, and granting claimant leave to appeal, nunc pro tunc, from the order of the board of April 29, 1932, was an inadvertent omission to follow the decision of this court in Walatka v. Levin et al., 100 Pa. Superior Ct. 489. The court below was without power to grant that appeal, and the order of the board must be treated as an unappealed from determination of that body.

No injustices will be done the claimant by so holding, as under Higgins v. Com. C. & C. Co. et al., 106 Pa. Superior Ct. 1, (p. 11) the limitation of one year fixed by the second paragraph of Section 413 of the act, as amended by the Act of April 13, 1927, P. L. 186, 194, did not begin to run in this case until April

29, 1932. By filing a petition, prior to April 29, 1933, under that paragraph for reinstatement of the agreement, the claimant will be in a position to adduce any competent evidence relating to his present physical condition and its cause, and the defendants will be entitled to present evidence in support of their contention.

The order of January 26, 1933, is reversed and the record remitted to the court below with directions to return it to the board for further proceedings not inconsistent with this opinion; costs of this appeal to abide the final determination of the matter.