## Currie v. Gaugh et al.

*Brockway, Whitla & McKay,* for claimant.
*L. J. Wiesen,* for defendants.

ROWLEY, P. J., April 1, 1936. — From the stipulation of counsel filed herein, it appears that: (1) On July 10, 1935, the Workmen's Compensation Board filed its opinion affirming the referee's award of compensation to the claimant; (2) on July 10, 1935, a copy of the opinion was by the Workmen's Compensation Board mailed to counsel for defendants; (3) defendants' counsel was then engaged in litigation at Pittsburgh and elsewhere and that the copy of the board's opinion did not come to his attention or knowledge until July 17, 1935; (4) the present appeal was filed in this court within 20 days following July 17, 1935, to wit, on August 5, 1935.

The defendants' appeal excepts to the various findings of fact and conclusions of law of the referee affirmed by the board.

On September 3, 1935, the claimant moved to quash the defendants' appeal, assigning the following reasons: The appeal having been filed on August 5, 1935, from an order of the Workmen's Compensation Board made on July 10, 1935, said appeal not having been brought within 20 days after notice of the order of the board was served appellants, and no extension of time for taking the appeal having been granted.

Section 405 of The Workmen's Compensation Act of June 26, 1919, P. L. 642, requires the Bureau of Workmen's Compensation, "Immediately upon receiving from the board . . . any award . . . or any other decision", to serve a copy thereof on all parties in interest. Section 406 of the same act sets out what shall constitute service within the meaning of the act, to wit:

"All notices and copies to which any party shall be entitled under the provisions of this article shall be served by mail, or in such other manner as the board shall direct. For the purposes of this article any notice or copy *shall be deemed served on the date when mailed,* properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that

there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act." (Italics ours.)

The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. IV, sec. 427, renumbered, as amended by the Act of June 26, 1919, P. L. 642, provided for an appeal from the action of the board to the court of common pleas within 10 days after notice of the action of the board had been served upon the party appealing. The time for appeal was enlarged to 20 days by the Act of January 5, 1934, P. L. 216, sec. 1. The statute provides that the court of common pleas, upon cause shown, may extend the time provided for taking the appeal.

The appeal in the instant case having been taken more than 20 days after notice of the award was served as directed by the statute, the first question for determination is whether this court may now entertain such appeal.

In Walatka v. Levin et al, 100 Pa. Superior Ct. 489, the defendant, on June 1, 1927, presented to the court of common pleas a petition praying for an extension of time for taking an appeal from an award of the Workmen's Compensation Board which had been entered January 7, 1927. The court below granted the extension. Upon appeal the Superior Court said:

"The controlling question . . . is whether or not the court of common pleas had power or authority to enter the order of June 1, 1927 extending the time for taking an appeal to that court."

The court quoted from section 427 of The Workmen's Compensation Act, as follows:

"Such appeal must be brought within ten days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

The opinion of the Superior Court continues:

"This section of the act is mandatory so far as it relates to the period of ten days and as the time for appeal would end at the termination of the ten day period, any application to extend the time would have to be made within such ten day period."

The Superior Court concluded thus:

"We therefore hold that in order to obtain an extension of time in which to file an appeal from an award of the Workmen's Compensation Board, an application must be made during the ten day period allowed for such appeal and not thereafter."

In Wilson v. National Freight & Delivery Co. et al., 108 Pa. Superior Ct. 472, the Workmen's Compensation Board had, on April 29, 1932, entered an order terminating compensation. No appeal was taken by the claimant from this order within the 10-day limitation prescribed by section 427 of The Workmen's Compensation Act, as amended by the Act of April 5, 1929, P. L. 175, nor was application made within 10 days for an extension of the time, but on June 10, 1932, the claimant presented to the court below his petition for, and obtained, leave to appeal nunc pro tunc from the order of the board of April 29, 1932. Upon appeal the Superior Court said:

". . . we cannot ignore the fact that the order of that tribunal, (Court of Common Pleas) entered June 10, 1932, and granting claimant leave to appeal, nunc pro tunc, from the order of the board of April 29, 1932, was an inadvertent omission to follow the decision of this court in Walatka v. Levin et al, 100 Pa. Superior Ct. 489. The court below was without power to grant that appeal, and the order of the board must be treated as an unappealed from determination of that body."

In the case at bar, appellant contends that the period within which an appeal must be filed begins to run from the date upon which the notice is received by the addressee, without regard to the mailing date. Appellant expresses it thus, "Service is plainly dependent upon the fact

of receiving." We do not so interpret the statute. Section 406, art. IV of the Workmen's Compensation Act of 1915, as amended, contains this provision: "For the purposes of this article any notice or copy shall be deemed served on the date when mailed," etc. In Root v. Dunlop Sons & Co., 90 Pa. Superior Ct. 96, 98, the court said: "We have here an express legislative declaration that the notice shall be deemed served on the date when mailed."

The statute provides that the appeal must be brought within 20 days after notice of the action of the board "has been served".

As we view the matter, the contingency of nonreceipt or delayed receipt contemplated by section 406 of The Workmen's Compensation Act, is a nonreceipt or delayed receipt by reason of some act or omission of the sender or of those charged with transmission of the notice. It does not embrace a nonreceipt or delay due to the absence of the addressee. Section 406 provides a remedy where it is shown that the notice "was not received, or that there was an unusual or unreasonable delay in its transmission", etc. The aim of this clause was to provide against a failure to deliver, at all, to the proper address, or a delayed delivery due to "unreasonable delay in its transmission through the mails".

If it be not shown that the notice was not received, and there is no evidence of unreasonable delay in transmission through the mails, a party cannot obtain, under section 406, an extension of time "to assert any right given him by this act." He may, however, by proceeding under section 427 of article IV of the Act of June 26, 1919, P. L. 642, as amended by the Act of January 5, 1934, P. L. 216, sec. 1, upon cause shown obtain an extension of the time provided for taking the appeal to the court of common pleas. The words "cause shown" as used in this section embrace reasons or causes other than those designated in section 406, and would doubtless include the reason for delay assigned in the instant case, but the application to the court of common pleas for such extension of time must

be presented within the prescribed 20 days: Walatka v. Levin, et al., supra. It is admitted that notice of the award was mailed on July 10, 1935, as prescribed by law, and we must presume that it was received at the correct address in due course. It is not claimed that within the prescribed 20 days the court of common pleas extended the time for filing the appeal. In our consideration of this matter we have treated it as though a formal petition to extend the time for taking the appeal had been presented to this court by appellant as of the date of his appeal. The notice of award was mailed July 10, 1935, and the appeal filed August 5, 1935. The appeal was too late unless the court has authority after the expiration of the 20-day period to extend the time for filing such appeal. Such authority is clearly negatived by Walatka v. Levin et al., and by Wilson v. National Freight & Delivery Co. et al., supra.

It is desirable that actions at law be disposed of upon their merits rather than by the application of hard and fast technical rules. Courts should incline toward a liberal interpretation of rules to permit a trial or hearing on the merits wherever the court has a discretion. When, however, an appellate court has interpreted a statute, such interpretation is binding upon a subordinate court, and there remains no discretion in the matter of the application of such interpretation, however much might be offered in a particular case in support of a more liberal construction.

Counsel for appellant suggests that Root v. Dunlop Sons & Co., 90 Pa. Superior Ct. 96, rests upon the inference that the notice "might have been in the hands of some general officer of the Company who has the responsibility of action in relation thereto." The ruling in Root v. Dunlop Sons & Co., as we read it, is that "appellant had failed to establish that there was 'an unusual or unreasonable delay in its transmission through the mails.' "

The Superior Court said: ". . . for anything that appeared in these affidavits the notice might have been in

the hands of some general officer of the company or in the hands of the clerks in some other department for two weeks."

In Swiderski v. Glen Alden Coal Co., 35 Lack. Jur. 35, upon hearing in the common pleas it appeared that the appeal from the referee to the board was taken after the expiration of the 10-day period. Judge Lewis did not entertain the objection and stated:

"The statute as to an allowance of an appeal must be liberally construed and the claimant should not be impaled by technicalities, and in view of the fact that the appeal was dated and sworn to in time, we will refuse to set aside the appeal for that reason."

Judge Lewis having set aside the award of the board, the claimant appealed to the Superior Court: 114 Pa. Superior Ct. 21. While the Superior Court sustained the finding of the lower court as to the claimant's failure to prove a compensable accident, the Superior Court did not consider or refer to the delay in taking the appeal from the referee's finding to the board.

Swiderski v. Glen Alden Coal Co., 35 Lack. Jur. 35, was decided in the common pleas on December 29, 1933. In the consideration of that case, Judge Lewis apparently did not have in mind Wise v. Cambridge Springs Borough, 262 Pa. 139, decided on July 17, 1918. In the latter case the referee awarded compensation to the claimant on December 6, 1916. Twenty-four days later the insurance carrier took an appeal to the board. The claimant moved the board to strike off the appeal because it had not been taken within the prescribed 10 days. In refusing to strike off the appeal, the board's opinion set out that it had been "liberal in allowing appeals nunc pro tunc when it appears that one of the parties in interest has not had full notice of the findings and award of the referee." The board sustained the findings of the referee. Upon appeal to the common pleas the latter reversed the board as to claimant's right to compensation. The claimant appealed to the Supreme Court, where it was ruled that the appeal

from the referee's finding to the board was not within the prescribed period and was therefore invalid, and further that the board having no jurisdiction of the appeal, because of the delay in filing the appeal, the court below had no jurisdiction on appeal from the action of the board, and the award of the referee was affirmed.

In Wise v. Cambridge Springs Borough, supra, the Supreme Court declared:

"Where an act of assembly fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc".

In Wise v. Cambridge Springs Borough, supra, the court quotes from Harris v. Mercur (No. 1), 202 Pa. 313, 317:

"If we are correct in holding that the act of [April 22] 1874 [P. L. 109], required the appellant to file his exceptions within thirty days after he had received notice of the filing of the court's decision, the order of the court below in permitting exceptions to be filed thereafter was without authority and hence without effect or validity. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors".

The case of Stankiewicz v. Heights Construction & Supply Co. et al., 95 Pa. Superior Ct. 215, has been cited as authority for "a liberal construction" of the statute "having in mind the humanitarian purpose of the . . . Act." In the case last cited the question was whether the appellant had given the required notice of his appeal. The act provides that notice shall be given "at the time of taking the appeal." The Superior Court said: "It is apparent that absolutely literal compliance" is not possible or required. It is to be observed that the act does not specifically provide how the notice shall be served, nor does it prescribe exactly the time within which it must be served.

The statute being silent as to the particular matter, the court held that the provision must be taken to mean "within a reasonable time". When, however, "the legislature has spoken", as in the case at bar, and fixed the time within which an act must be done, courts have no dispensing power, even in matters of practice: Wise v. Cambridge Springs Borough, supra.

Ellenberger v. State Workmen's Insurance Fund, 18 D. & C. 273 (May 1932), insofar as it is not in harmony with Walatka v. Levin, supra, must be regarded as overruled by the latter.

An examination of the authorities obliges us to conclude that, while the court has authority to prolong the period for filing an appeal upon application presented within the statutory period, the court does not have the power to revive the right of appeal which is extinguished by expiration of the period fixed by the act for taking an appeal. We are of the opinion that a judgment on the merits entered on an appeal, filed after the expiration of the time prescribed for appeal, would be invalid.

### Order

And now, April 1, 1936, this matter having been submitted upon briefs, thereupon, after due and careful consideration of the questions presented, it is ordered, adjudged and decreed that the appeal of the defendant from the decision of the Workmen's Compensation Board be quashed, said appeal having not been completed within the period prescribed by law.