# Giacobbe v. South Phila. Victory Laundry, Inc.

*Daniel S. Greenstein* and *Arthur Greenstein*, for claimant.

*John B. Martin* and *Joseph Head*, for defendant.

HEILIGMAN, J., June 30, 1939.—On March 30, 1939, the Workmen's Compensation Board made an award in favor of claimant, for total disability for an injury sustained in the course of employment on June 1, 1937. Previously, claimant had been receiving compensation for partial disability. On April 21, 1939, the employer appealed to this court. Such appeal having been taken more than 20 days after notice of the action of the board had been served on the employer, claimant filed a motion to quash, to which employer's counsel agreed, and in pursuance of that agreement, this court quashed the appeal on May 12, 1939. Meanwhile on May 8, 1939, employer filed with the board a petition for a rehearing under section 426 of The Workmen's Compensation Act of June 2, 1915, P. L. 736. On May 18, 1939, the board dismissed the petition on the ground that this court had taken final action on the first appeal and under section 426 no rehearing could be granted after such final action. The merits of employer's petition were not considered. From the refusal to grant a rehearing, employer again appealed and the appeal again fell in this court.

The question involved is solely one of practice, namely, whether the board may grant a rehearing after the court

of common pleas has quashed an appeal for the reason that it was taken too late. Claimant's motion to quash did not raise any question on the merits of the case; the question raised was whether the employer was entitled to an appeal or not. Not until the latter question was disposed of favorably to appellant could the merits of the case be considered. As the appeal was quashed, the merits of the case have not been considered.

Ordinarily a subordinate court has no power over a case that is pending in an appellate court: Gilbert v. Lebanon Valley Street Ry. Co., 303 Pa. 213, 218. The Workmen's Compensation Act does not follow this rule in connection with appeals to the common pleas courts. The board may, by granting a rehearing, alter the record and change the ruling appealed from while an appeal is pending, provided it does so before final action has been taken by the court of common pleas. The purpose of this seems to be to make the board's control of cases as broad and flexible as possible, and at the same time to avoid the possibility that the board could circumvent or nullify a decision of the common pleas court on the points appealed from, by granting a rehearing after such decision. There has been no decision on the merits of the appeal here; the appeal was a nullity and the quashing of it was merely a judicial recording of that fact: Walatka v. Levin et al., 100 Pa. Superior Ct. 489; Wilson v. National Freight & Delivery Co. et al., 108 Pa. Superior Ct. 472. The case is as if the first appeal had never been taken, and as the statutory period for granting rehearing when no appeal has been taken has not expired, the board has the power to grant a rehearing.

Claimant cites Hines v. Viscose Co., 118 Pa. Superior Ct. 37, in which the court held that the dismissal of an appeal to the court of common pleas by consent of appellant's counsel and upon his motion was final action on the appeal and precluded the subsequent granting of a rehearing by the board. It does not appear from the report of the case whether or not the appeal was taken in

accordance with the statutory requirements but from the use of the word "dismissed" we assume that the appeal was not quashed and that the reason for the dismissal, or the consent thereto, was not due to a procedural defect. We, therefore, conclude that that case is not authority for holding that the quashing of a defective appeal by agreement is the final action that the statute contemplates.

*Decree*

And now, to wit, June 30, 1939, the appeal is sustained, and the petition of the employer for a rehearing is hereby reinstated, and the record is remitted to the board for such action on the merits of said petition as the board may deem proper.