## Mitry v. Fraser-Brace Engineering Company

*John E. Evans, Jr.*, for plaintiff.
*John A. Briley* and *W. G. Richard*, for defendants.

HARKINS, J., August 7, 1945.—This case was scheduled for argument on March 16, 1945, but was continued to April 20, 1945. On April 18, 1945, defendant presented a petition and motion in writing to quash claimant's appeal from the decision of the Workmen's Compensation Board which had affirmed the referee's disallowance of the claim of Elizabeth Mitry. Notice of defendant's intention to present this petition and motion had been served on counsel for claimant. This motion was taken under advisement by Harkins, J., then presiding in the assignment room, with the understanding that the court en banc would again consider the motion, and the case was argued on April 20, 1945. Following that argument, the court, having learned that counsel for claimant had information as to additional evidence not presented hitherto, allowed the case to be listed for further argument on June 8, 1945, which, however, was not proceeded with by counsel for claimant.

Defendant's petition to quash is technical, but as we think our decision thereon is conclusive of the case, we shall not concern ourselves with other matters.

On February 9, 1945, counsel for claimant filed an appeal from the board's opinion sustaining the referee's disallowance of her claim petition. This opinion, by Commissioner Jacoby, was dated January 19, 1945. No exceptions were filed nor any served upon defendant. Notice of the appeal having been taken was served on defendant's counsel on February 9, 1945. These facts are undisputed.

Defendant's contention is that section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of May 17, 1943, P. L. 691, which provides, inter alia:

"Any party may appeal from any action of the board on matters of the law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a

permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth; Provided, That no such appeal shall be taken to the court of common pleas of Allegheny County, but in Allegheny County all such appeals shall be taken to the County Court of Allegheny County, which shall have exclusive jurisdiction of such appeals. Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas or the County Court of Allegheny County, as the case may be, to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board or of the referee sustained by the board, which he alleges to be unsupported by competent evidence" is mandatory, and that failure of claimant to serve the exceptions is fatal to the appeal.

It is to be noted that the act employs the following language pertinent to the question raised:

"The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board or of the referee sustained by the board, which he alleges to be unsupported by competent evidence."

It is undenied by claimant that the 30-day period expired on March 12, 1945, and that no exceptions were filed or served on defendant as of that date.

The sole question for the court to decide therefore is whether the failure to serve the exceptions makes the appeal invalid. We are constrained to answer this in the affirmative. The time of filing exceptions cannot be altered or increased by the court: Schan v. Mesta Machine Co., 90 P. L. J. 350. There, the common pleas court ruled that it had no jurisdiction to extend to claimant additional time for filing exceptions. The principle is decided plainly in the case of Walatka v. Levin et al., 100 Pa. Superior Ct. 489, 492, where the court says:

"Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time."

In the instant case it is not contended that claimant made any application to this court for an extension of time within which service of exceptions upon defendant could be made by claimant or claimant's counsel. The court reiterated this principle in Wilson v. National Freight & Delivery Co. et al., 108 Pa. Superior Ct. 472, and in Beck v. Franklin Glass Corp. et al., 136 Pa. Superior Ct. 204.

The only cause shown for failure of claimant's counsel to file exceptions and to serve them upon defendant is that evidently it occurred through oversight. This is not a sufficient reason to justify the court in extending the time for serving such exceptions, for if any hardship is caused claimant it is through the acts of herself or her agent. Accordingly, the motion to quash is therefore granted.

### Order

And now, to wit, August 7, 1945, defendant's motion to quash claimant's appeal from the order of the Work-

men's Compensation Board is granted, and the appeal taken by Elizabeth Mitry at no. A-41 of 1945 is hereby quashed.

Eo die, exceptions noted to claimant and bill sealed.