## Miller v. Clendening et al.

*Clarence G. Smedley*, for plaintiff.
*Raymond M. Larson*, for defendant.

ERVIN, J., November 21, 1945.—This is a motion to quash defendant's appeal from the decision of the Workmen's Compensation Board. The motion must be granted.

This is a companion case to Miller v. General Steel Castings Corp. et al., no. 24, June term, 1945, in which an opinion is being filed today. Claimant's decedent died on November 20, 1943, as a result of a premature explosion of a charge of dynamite. The accident occurred at the plant of the General Steel Castings Corporation, Chester, Delaware County, Pa., hereinafter called "corporation". It was the custom of the corporation to engage one Leo J. Clendening periodically to remove slag from its furnaces. Clendening came to the conclusion that this work could be done more quickly by the use of dynamite. He therefore went to Miller, claimant's decedent, who held a dynamiter's license, and Miller agreed that this could be done. Accordingly, the next time that Clendening was engaged to remove the slag he obtained permission from the corporation's safety engineer and took Miller to the plant. Another employe of Clendening had prepared the surface for the dynamite and Miller was about to

use six sticks of dynamite for the charge when Clendening stated the charge was too heavy and that four sticks should be enough. He therefore picked up two sticks and carried them away. However, the dynamite exploded prematurely and Miller was killed.

Claimant filed two separate petitions, one against Clendening and the other against the corporation. Both cases were assigned to Referee Sheldrake and heard together. The referee found that Clendening was an independent contractor and that Miller was his employe. Accordingly he awarded compensation against Clendening and dismissed the claimant's petition against the corporation. Clendening took an appeal to the Workmen's Compensation Board and, as a matter of protection, claimant then appealed the dismissal of her petition against the corporation. Again the cases were argued together and the board affirmed the award against Clendening but reversed the referee in the corporation's case and made a similar award in claimant's favor against it on the theory that it was a "statutory employer". Both defendants appealed to this court.

In the present case the appeal was filed on June 7, 1945. On June 11, 1945, claimant filed a motion to dismiss the appeal on the ground that defendant's insurance carrier had paid the portion of the award then due and was therefore estopped from appealing. On June 22, 1945, defendant filed an answer to the motion to dismiss and on the same day testimony was taken before Ervin, J. On August 2, 1945, defendant filed its exceptions sur appeal. On August 6, 1945, we filed our opinion on the motion to dismiss in which we refused to dismiss the exceptions at that time and ruled that we would pass upon that matter when this appeal and the appeal in the corporation case were argued on the merits. On September 17, 1945, when the cases came on for argument, claimant filed the present motion to quash on the ground that the exceptions were

not filed within 30 days after the taking of the appeal, as required by the Workmen's Compensation Act. Defendant filed no answer to the motion to quash.

The procedure to be followed on appeals from decisions of the Workmen's Compensation Board to the common pleas is set forth in section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of May 27, 1943, P. L. 691, 77 PS §872 et seq. This section provides as follows:

". . . Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas or the county court of Allegheny County, as the case may be, to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board or of the referee sustained by the board, which he alleges to be unsupported by competent evidence."

It is apparent that the exceptions were not filed within the time limit specified in the act. While no answer was filed to the motion to quash, defendant argues that it was useless to file exceptions at that time because claimant's motion to dismiss was then pending before the court. However, it is to be noted that defendant did not wait until that matter had been disposed of but that it was still pending at the time when the exceptions were filed. We do not feel that this reason was sufficient to excuse defendant from complying with the mandatory requirements of the act. Section 427 sets time limits for three different steps in con-

nection with appeals to this court. First, the time for appeal; second, the time for serving notice of the appeal; and, lastly, the time for filing exceptions.

It was held in Walatka v. Levin et al., 100 Pa. Superior Ct. 489, that where a statute fixes the time in which an act must be done, the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time. Accordingly, it reversed the lower court for sustaining an award of the board when the appeal was not taken within the time limit and no petition to extend the time had been presented within that time limit. See also Wilson v. National Freight & Delivery Co. et al., 108 Pa. Superior Ct. 472, and Devlin v. Grabler Mfg. Corp. et al., 151 Pa. Superior Ct. 216.

We can find no appellate court decisions quashing an appeal on the ground that the exceptions had not been filed in time but, to our mind, the one provision is just as mandatory as the other and the same rule of law must control. This was the reasoning in Schan v. Mesta Machine Co., 90 Pitts. L. J. 350.

In Harris v. Mercur (No. 1), 202 Pa. 313, a certiorari was quashed because plaintiff failed to file exception to the decision of the court in a trial without a jury, under the Act of April 22, 1874, P. L. 109, within the 30-day period fixed by that act, even though defendant had filed exceptions within that time. The Supreme Court held that the only exceptions which the lower court could consider were those of defendant.

It follows, therefore, that we have no jurisdiction to consider defendant's exceptions and that its appeal must be quashed. While we are averse to disposing of matters on technical questions, in this particular case our conscience is not shocked because we feel that the decision of the Workmen's Compensation Board was correct on the merits and would have been affirmed in any event.

*Order*

And now, to wit, November 21, 1945, it is hereby ordered and decreed that claimant's motion to quash the defendant's appeal in the above entitled case be, and the same is, hereby granted and the appeal is hereby quashed.