## Holtzapple Estate

*Robert M. Laird,* for Commonwealth.
*Horace E. Smith,* for petitioner.

GROSS, P. J., July 7, 1948.—This is a proceeding by petition for leave to appeal nunc pro tunc from the appraisement for transfer inheritance tax in the estate of George E. Holtzapple, deceased, filed jointly by the Western National Bank of York, Pa., as administrator c. t. a. of the estate of decedent and as trustee under a deed of trust, executed by decedent to the bank, dated April 18, 1931, and Gertrude S. Holtzapple, one of the residuary legatees under the will of decedent and life beneficiary under the deed of trust.

As grounds for the allowance of the appeal, petitioners allege in their petition, filed April 12, 1948, as follows:

"3. That at the time of the filing of the inventory in connection with the estate of decedent, your peti-

tioners were under a misapprehension as to the law involved governing their controlling the assets which were to be considered as part of decedent's estate, and by virtue of said misapprehension certain assets were listed in said inventory and filed with the Register of Wills of York County, Pa., and appraised by the Pennsylvania State inheritance tax appraiser, which assets, your petitioners are now reliably informed, are not taxable assets of decedent's estate.

"4. Under and by virtue of this misapprehension, the time has expired in which your petitioners, or any of them, would be permitted to take an appeal from the action of the State inheritance tax appraiser, and that by virtue of the newly-acquired knowledge that certain assets of the estate are not taxable, your petitioners now feel that deprivation of their right to appeal will work and cause an irreparable hardship, both in connection with the management of and the assets of this estate."

A citation was awarded and directed to be served upon the register of wills, the local transfer inheritance tax appraiser and the Department of Revenue of the Commonwealth, to which no answer was filed by any of the parties served; nor was there any testimony submitted to support or elucidate any of the averments in the petition. The Department of Revenue appeared at the argument by counsel, and contended that the proceedings should be dismissed because no sufficient reasons are alleged in the petition to justify the granting of the prayer thereof.

Section 3 of the Act of May 27, 1943, P. L. 757, referring to appeals of this kind, provides:

"Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within sixty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the Court. The appeal shall

specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the Court."

No appellate court decision has been pointed out by counsel, nor have we been able to find any decision that authorizes the allowance of an appeal of this kind nunc pro tunc. The lower courts, in several jurisdictions, have established a practice of doing so in cases where a clear mistake has been proven which would amount to either an actual or constructive fraud, if appraisements as filed were not corrected. See Tagg's Estate, 38 Dauph. 48; Adams Estate, 34 D. & C. 93; Oberlander's Estate, 31 Berks 339, and Blumenthal's Estate, 51 Montg. 214.

We also think that an appeal nunc pro tunc might be properly allowed in cases where notice of the filing of the appraisement had not been given to the interested parties, but that question does not arise in this proceeding.

On the subject generally of the right to take an appeal, where the time fixed by statute for doing so has expired, it has been frequently held that an appeal nunc pro tunc will not be allowed as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of an appeal nunc pro tunc. The cases on this subject have been fully collated in Martino v. Brockway Macaroni & Supply Co., 43 D. & C. 672, and we think it unnecessary to discuss them in this opinion.

In Walatka v. Levin et al., 100 Pa. Superior Ct. 489, the court held:

"Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time."

The petition here for this appeal is vague and indefinite, in that it does not set forth the date of the filing of the appraisement from which it is petitioners' desire to appeal, neither does it set forth the nature, character, nor the appraised value of the assets included in the appraisement.

The third paragraph of the petition, quoted above, does, in an indirect manner, refer to the assets included in a certain trust created by decedent under a deed of trust, dated April 18, 1931, in which the Western National Bank is named as trustee; and that petitioners, at the time of the filing of the inventory of decedent's testamentary estate, misapprehended the law governing the control of the trust assets, but the petition does not allege fraud or mistake on the part of the appraiser, nor the nature, character, or cause of their misapprehension; nor give any reasonable excuse for having delayed taking action to correct their misapprehension until a period of one and one half years after the statutory time for taking an appeal had expired. A petition for an appeal nunc pro tunc must make out a prima facie case. While an appeal nunc pro tunc may be allowed, for the purpose of preventing fraud, or what amounts to the same thing, if the Commonwealth were allowed to collect tax to which it is not honestly entitled, but appeals are not a matter of right, only of grace, and the equities to justify such an appeal should be set forth clearly and specifically in the petition. The reasons for the allowance of an appeal nunc pro tunc should be set forth in the petition with the same specificity as is required by the act of assembly quoted in specifying the objections to an appraisement where an appeal is taken within the time prescribed by the statute.

The statutory 60-day limitation for taking an appeal in cases of this kind must be observed under all ordinary circumstances, and courts should not encour-

age a loose practice to be established through granting appeals nunc pro tunc, having the effect of abrogating the statute and giving tacit approval to carelessness in the administration of estates. Because of the insufficiency of the allegations in the petition for this appeal, the prayer thereof must be refused and the petition dismissed.

However, notwithstanding the dismissal of the petition for this appeal, and solely in the interest of justice, we have made an examination of the records in the register of wills' office, of which we take judicial notice, and we find that the Commonwealth actually filed in this estate an original appraisement and three supplemental appraisements as follows:

An original appraisement, filed April 10, 1946, of personal property only . . . . . . . $ 1,201.63
First supplemental appraisement, filed June 28, 1946, of real estate and personalty estate . . . . . . . . . . . . . . . . . . . . 112,846.15
Second supplemental appraisement, filed June 28, 1946, of personalty only . . . . . 12.60
Third supplemental appraisement, filed December 6, 1946, of personalty only . . 5.85

While the petition does not so state, it is fair to presume from the averments in paragraph 3 of the petition, that petitioners desired to appeal from the first supplemental appraisement, filed on June 28, 1946, in the total sum of $112,846.15.

The first supplemental appraisement was apparently based upon an alleged inventory and appraisement erroneously filed as such on May 3, 1946, by the executors of decedent's estate which included both the personalty and realty assets constituting the corpus of the inter vivos trust created by decedent on April 18, 1931, and was evidently intended by the executors, as appears from the statement appended thereto, specifically designating and identifying the

assets listed therein as trust assets, to be but the informative inventory or schedule required to be filed in the office of the register of wills by a fiduciary, grantee or other person in possession or enjoyment of any property subject to tax within three months after the death of a resident decedent, etc., as required by section 3 of the Act of July 12, 1923, P. L. 1078, to aid the Commonwealth in appraising all property made taxable by reason of the death of decedent.

There is now pending in this court the adjudication of the first and partial account of the Western National Bank, trustee in said inter vivos trust. We have examined the deed of trust, a true and correct copy of which is attached to the account and from it, it appears that the trust is revocable as to one half of the corpus; and, as to this half, it is taxable; but as to the other half, it appears from the deed of trust to be irrevocable, not made in anticipation of the death and without the retention of any interest in or under control of the donor and therefore this latter half would seem not to be taxable for transfer inheritance tax; and it would appear that the Commonwealth was in error in appraising this irrevocable half of the trust for tax purposes.

In Tack's Estate, 325 Pa. 545, 548, Justice Stern held that transfer inheritance tax "is really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the state retains for itself."

In the distribution of the trust estate, we are held strictly to the provisions of the deed of trust. The Commonwealth is clearly entitled to its distributive share (tax) out of one half of the corpus of the trust and no more. It is not entitled, as we now understand the law, to any share (tax) out of the irrevocable half of the trust.

In our adjudication of the trustee's account, we will reflect our conclusion by reducing the first supplemental appraisement for transfer inheritance tax by one half of the appraised value of the trust assets. We do this, however, without prejudice to the Commonwealth to file exceptions to our report of audit and adjudication of the trustee's account. This procedure, it is true, may have the same effect as if an appeal nunc pro tunc had been allowed, but we think this practice is much more desirable because it preserves the integrity of section 3 of the Act of May 27, 1943, P. L. 757, relating to appeals, and prevents an injustice being practiced upon petitioners. This procedure is not without authority and was substantially followed in a decision of our own courts, in Gochenour's Estate, 28 D. & C. 560.

And now, to wit, July 7, 1948, the petition for leave to file an appeal nunc pro tunc from the appraisement for transfer inheritance tax, filed in the estate of George E. Holtzapple, deceased, is dismissed and the costs of the proceeding are directed to be paid by the estate of decedent.