## Burgio v. Center Fashions

*Charles J. Bufalino, Jr.*, for claimant.

*James P. Harris, Jr.*, for insurance carrier.

PINOLA, P. J., January 23, 1962.—On March 6, 1958, James Burgio filed a claim petition alleging that, on November 4, 1957, he sustained a hernia during the course of his work with defendant, Center Fashions, which is operated by his brother. On March 27th, defendant filed an answer declaring that it "feels claimant is eligible to receive compensation." The insurance carrier filed an answer on April 8, 1958, denying the material allegations of the petition. The matter

was assigned to Referee Kozak, who later died. It was then assigned to Referee Tomascik, but the decision was finally rendered by Referee Spohrer. A hearing was fixed by Referee Tomascik for April 21, 1959.

The notice of hearing, copy of which is part of the record, is directed only to the American Casualty Company and to James P. Harris, Jr. On the day of the hearing, neither defendant nor claimant appeared. After Referee Tomascik noted that fact in the record, he asked Mr. Harris if he wished to make a motion. Harris answered in the affirmative. Thereupon, the referee declared:

"It is further noted for the record that appropriate notices of today's hearing, dated April 6, 1959, were sent by regular mail to all parties in this case, including James Burgio, claimant, Center Fashions, defendant, American Casualty Company, carrier and James P. Harris, Jr., Esq., attorney for carrier."

He then granted Mr. Harris' motion to dismiss the claim petition. In this, we believe that both he and the board are wrong.

Under section 417 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §802: "If a petition be assigned to a referee, he shall as soon as practicable thereafter fix a time and place for hearing the petition . . . the referee to whom the petition has been assigned, shall serve upon *all parties in interest* a notice of the time and place of hearing, and shall serve upon the petitioner a copy of any answer of any adverse party."

From the notice it appears clearly that it was not directed to defendant or claimant. Nor does it appear that the referee served upon claimant a copy of the answers filed by defendant and its insurance carrier.

Under section 406 of The Workmen's Compensation Act, as amended, supra, 77 PS §717, it is directed that:

"All notices and copies to which any party shall be entitled under the provisions of this article shall be served by mail, or in such manner as the board shall direct. For the purposes of this article any notice or copy shall be deemed served *on the date when mailed, properly stamped and addressed,* and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act." (Italics supplied) Under the same section:

". . . (E)very referee shall keep a careful record of the date of mailing every notice and copy required by this act to be served on the parties in interest."

There is nothing in the record to show that the notice of hearing and copies of answers were mailed to claimant, nor does it appear that the referee kept any record of mailing, and that the record disclosed the mailing of a notice and copies to claimant.

Parties are entitled to notice of, and a hearing on, the issues of fact in any workmen's compensation case: Kenny v. Esslinger's Brewery 161 Pa. Superior Ct. 451.

When service of a notice is sought to be made by mail, it must appear that the conditions on which the validity of such service depends had existence; otherwise the evidence is insufficient to establish the fact of service. The proof should show that the notice, properly addressed, with postage prepaid, was deposited in the mail: 66 C. J. S. 664, notice §18.

While a duly mailed notice will be presumed to have been duly delivered, there is no evidence here whatsoever that the notice and copies were mailed.

The statutory requirements must be completely met in order to effect a valid notice: 66 C. J. S. 642, notice, §9.

In Root v. Dunlop Sons & Co., 90 Pa. Superior Ct. 96, the court declared (p. 98):

"We have here an express legislative declaration that the notice shall be deemed served on the date when mailed. The appellant concedes that this notice was duly mailed on September 16, 1925, and that it must be presumed to have been received by the defendant on September 17, 1925. The burden was, therefore, on the defendant to 'show by competent evidence that the notice was not received, or that there was an unusual or unreasonable delay in its transmission through the mails'; for the appeal was not taken for nineteen days."

We have examined the records in many other compensation cases, and in every instance we find that notices are always directed to counsel for the parties and/or the parties themselves. We, therefore, have a right to conclude that the notice in this case not having been directed to the parties, was never mailed to them: Rosey v. Mayburg Chemical Company, 58 D. & C. 532.

We, therefore, reach the following

*Conclusion of Law*

There is not sufficient, competent testimony to support the finding of the board that "the claimant had sufficient opportunity to protect his legal rights and carelessly avoided the matter until the receipt of the referee's decision."

Accordingly, we enter the following:

*Order*

Now, January 23, 1962, this record is returned to the board for further hearing and determination in accordance with this opinion.