Banks *v.* McClain et al., (Coal Operators Casualty Co., Appellant).

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*J. Webster Jones,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY BALDRIGE, P. J., January 25, 1945:

In this workmen's compensation case there is no question that the claimant's husband sustained fatal injuries in the course of his employment. The principal dispute before the referee was whether the Lauter Construction Company and its insurance carrier, Manufacturers' Casualty Company, were liable as the statutory employer or whether Norman McClain, the direct employer, a subcontractor, and Coal Operators Casualty Company, his carrier, were liable. The board affirmed the referee in holding Lauter Construction Company and its carrier liable. No appeal was filed to the board's action until April 15, 1944, or 22 days after mailing of the board's decision.

The Coal Operators Casualty Company filed a petition in the court of common pleas to strike off the appeal of the Lauter Construction Company averring that the opinion of the board was mailed to all parties on March 24, (Friday) 1944, and that no appeal was taken therefrom within 20 days after that date. The respondents, appellees herein, did not deny these averments. In their amended answer they set forth that the notice of the board's action did not arrive at their attorney's office in the next day's morning mail and as his office closed at 1:00 P. M. Saturday, it was not received by him until Monday, March 27. The lower court refused

to strike off the appeal and from that action the present appeal was taken.

It is a familiar rule that the facts averred in a petition and not denied in the answer are taken as admitted: *Link B. & L. Assn. v. Melnick et al.*, 325 Pa. 182, 186, 189 A. 470. We must accept as a fact, therefore, that notice of the board's action was deposited in the mails, properly stamped and addressed to the counsel for the Lauter Construction Company on March 24, 1944. The appellees argue that as the appeal was taken within 20 days after the *receipt* of the notice of the award; it was in time.

Section 427, Article IV, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §873, provides for an appeal from the board to the court of common pleas as follows: "Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

Time of service is very definitely determined by section 406, article IV, of that Act, 77 PS §717. It provides: "All notices and copies to which any party shall be entitled under the provisions of this article [it embraces section 427] shall be served by mail, or in such manner as the board shall direct. For the purposes of this article any notice or copy *shall be deemed served on the date when mailed,* properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act . . . . . ." (Italics supplied.)

It is mandatory that appeals from the board to the

court of common pleas must be taken within 20 days after notice has been mailed unless for cause shown the court grants an extension of time within the 20 day limit: *Wise v. Cambridge Springs Boro.*, 262 Pa. 139, 142, 143, 104 A. 863; *Walatka v. Levin et al.*, 100 Pa. Superior Ct. 489, 492, 493; *Devlin v. Grabler Mfg. Corp. et al.*, 151 Pa. Superior Ct. 216, 219, 30 A. 2d 138. No such application was made in this case.

The Lauter Construction Company relies upon *Conley v. Allegheny County*, 124 Pa. Superior Ct. 303, 188 A. 385, and the learned court below apparently felt that decision is controlling here. The facts in that case are distinguishable from those now before us. It did not appear there when the referee's award had been mailed, only that it was dated November 21, 1935, and "was not received by defendant until November 23, 1935." Furthermore, our affirmance of the court below in sustaining the board in sending the case back to the referee for a rehearing was based primarily on the board's general power to order a rehearing. The question whether the defendant employer's appeal from the referee to the board had been taken in time was unnecessary to a disposition of the appeal in that case. While, as there stated, liberality prevails in workmen's compensation cases as regards both substantive law and procedure, we cannot disregard the plain wording of the statute, where, as here, it affirmatively appears in the pleadings that the appellee did not take its appeal within 20 days after "notice" of the board's action was given in accordance with section 427.

The motion of the Lauter Construction Company to quash the appeal on the ground that it was taken from an interlocutory decree or order of the court below is overruled. If an allowance of an appeal is a matter for the exercise of a court's discretion then its action, unless there has been an abuse of that power, is not reversible: *Felts v. Delaware, Lackawanna & Western Railroad Company*, 160 Pa. 503, 28 A. 838. As this

516

appeal was taken too late the court below had no discretionary power; it was without any jurisdiction in the matter. The appeal of Lauter Construction Company should have been stricken off. Such a decree would have been final in the lower court and appealable: *Adelman, Trustee, v. John McShain, Inc.,* 148 Pa. Superior Ct. 138, 140, 142, 24 A. 2d 703. The failure of the court below, therefore, to terminate this case by sustaining the motion to quash the appeal was not interlocutory.

The order of the court below refusing to strike off the appeal is reversed at the appellee's costs.