## Diehl License

*Preston B. Davis* and *Wm. L. Showers*, for appellant.
*J. Mettler Pensyl*, for Commonwealth.

FORTNEY, P. J., January 5, 1948.—Irvin S. Diehl, a resident of Northumberland County, filed with this court, on April 7, 1947, his petition for an appeal from an order of the Secretary of Revenue, under date of January 14, 1947, suspending for a period of three months his privilege of operating a motor vehicle in the Commonwealth of Pennsylvania.

This appeal is taken under the provisions of the Act of June 27, 1939, P. L. 1135, sec. 10, 75 PS § 193, the relevant part of which is as follows:

"Any person, whose operator's license or learner's permit has been suspended . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter down for hearing upon thirty (30) days written notice to the secretary. . . ."

The Secretary of Revenue, on May 19, 1947, filed a written motion to strike off and set aside the appeal. In this motion it is alleged this court is without jurisdiction to allow the appeal, for the reason it was taken more than 30 days after the order of suspension, and therefore, under the act of assembly above, is void and should be stricken from the record. To this written motion defendant filed an answer. It is on this motion to quash the appeal that the matter now comes before the court.

We would not ordinarily, in acting upon a motion to quash an appeal such as is now before us, review the facts. In this case we deem a resume necessary. The pleadings show that Irvin S. Diehl, appellant, while operating a fire truck of the Fifth Ward Hose Company of the Borough of Milton, this county, on March 28, 1946, became involved in an accident, which resulted in the death of one Elmer Reidel. On April 1, 1946, a coroner's jury returned a verdict of accidental death

of the said Elmer Reidel and apparently exonerated appellant from all liability. Subsequent to a hearing before a representative of the Secretary of Revenue, to wit, on January 14, 1947, appellant received notice that his operating privilege to drive within the Commonwealth was suspended for three months. In his answer to the motion of the Commonwealth to quash the appeal, Irvin S. Diehl avers that he, on February 6, 1947, within the time permitted by the act to appeal, together with his counsel, interviewed T. E. Transeau, the Director of Highway Safety, in his office in the City of Harrisburg. As a result of this conference appellant was informed that his case would be reviewed by the proper authorities and that a report would follow advising him of the ultimate decision. On February 11, 1947 (still within the time allowed by the act of assembly to take an appeal), appellant was advised that the setting aside of the suspension on January 14, 1947, was denied. The answer of appellant fails to state why, after receiving the ultimate decision of the secretary, he failed to take an appeal, even though there yet remained time to do so, within the statutory period. The answer of appellant does say that on March 5, 1947, or about 20 days after the act permits an appeal, he, together with the borough solicitor of the Borough of Milton, several borough officials and his counsel, appeared again before the representatives of the Department of Highway Safety, one T. E. Transeau, and were advised that the department desired to see justice done, and in the event an appeal was taken no advantage would be taken by the department of the fact that 30 days allowed by the act had expired.

Appellant contends that in the exercise of the recognized equity power of the court, the appeal should be allowed nunc pro tunc. This we can not do, for several reasons: (1) The petition as filed does not ask for an allowance of the appeal nunc pro tunc, but avers the appeal is taken under a specific act of assembly.

(2) Appellant knew within the statutory period allowed by the act of assembly that the ultimate decision of the department was to refuse to set aside the suspension heretofore imposed. (We note here that appellant apparently chose to visit the Department of Highway Safety again, rather than take advantage of his rights under the law, and while it is regrettable that he cannot have his case heard on the merits, the situation is of his own making.) (3) A more impelling reason requires that the appeal here be quashed. To allow the appeal would amount to a ruling that where the statute is not complied with within the statutory period, the court may, in its discretion, permit a later extension of that time. It was held in Banks v. McClain et al., 156 Pa. Superior Ct. 512:

"Where an appeal from the board to the court of common pleas is taken after the expiration of the prescribed time, the court is without jurisdiction and has no discretion to allow the appeal."

Nor do we believe any agreement with the representative of the Bureau of Highway Safety, not to take advantage of the expiration of the appeal time, will avail here. It was held in Fenerty Disbarment Case, 356 Pa. 614:

"The time within which an appeal can be taken cannot be extended by an agreement of counsel approved by the court." Further, that "a party cannot extend the time fixed by the statute for appeals."

Where an act of assembly fixes the time within which an act must be done, the courts have no power to extend it or to allow the act to be done at a later day as a matter of indulgence. The courts are powerless to cure jurisdictional defects by orders nunc pro tunc. Hence, the following

### Order

And now, to wit, January 5, 1948, the rule granted to show cause why the appeal allowed in this case should not be quashed, stricken from the record, and

274

set aside, is made absolute. The appeal is quashed, stricken from the record and set aside.

Costs to be paid by appellant.