Miles, Appellant, *v.* Masters.

Argued April 21, 1953. Before Stern, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

Appeal, No. 188,

*Samuel B. Brodsky*, with him *Alexander Brodsky*, *Harry E. Brodsky* and *Brodsky & Brodsky*, for appellant.

*Francis Logan*, with him *Robert C. Duffy*, for appellees.

Opinion by Mr. Justice Jones, May 27, 1953:

The appellant-claimant obtained an award of compensation from the referee for total disability due to injury received by him in the course of his employment by the defendant. The employer and his insurance carrier appealed the award to the Workmen's Compensation Board which, on August 6, 1952, entered an order affirming the award of the referee. On August 15, 1952, the defendant and the insurance carrier appealed the order of the compensation board to the court of common pleas, served notice of the appeal on the claimant but did nothing more. On September 16,

1952, the claimant entered a rule on the defendants to show cause why their appeal should not be quashed "Because it appears upon the face of the record herein that no exceptions sur appeal have been filed or served in the above entitled cause within the time [thirty days following the appeal] limited by law." The next day (September 17, 1952), which was thirty-three days after the appeal had been entered, the defendants filed exceptions. After argument on the motion to quash, the court of common pleas, on October 14, 1952, dismissed the motion; and, on October 21, 1952, the claimant appealed the order of dismissal to the Superior Court. The defendants then moved to quash the claimant's appeal to the Superior Court on the ground that it was premature and that the order was unappealable. On January 9, 1953, the Superior Court in a per curiam order, without an opinion, quashed the appeal. Because of the general importance of the procedural questions involved, we granted an allocatur.

There can be no doubt that the order of the court of common pleas was appealable. It goes to the jurisdiction of the court below to entertain the defendants' appeal from the order of the compensation board. See Act of March 5, 1925, P. L. 23, 12 PS §672, the appellate provisions whereof in Sections 1 and 2 were not suspended by the Rules of Civil Procedure: see Rule 1451 (b) (7). The claimant's appeal to the Superior Court (within seven days of the entry of the common pleas order) was timely: see Section 3 of the Act of 1925, cit. supra; also *Jones v. Unguriet,* 364 Pa. 200, 71 A. 2d 240. As the appealability of such an order had already been recognized by the Superior Court in *Banks v. McClain,* 156 Pa. Superior Ct. 512, 40 A. 2d 905, it is not apparent how that court happened to quash the appeal in this case.

In the *McClain* case, supra, the court of common pleas had entertained an appeal from an order of the Workmen's Compensation Board entered twenty-two days after service of notice of the order, whereas Section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, requires that an appeal to the court of common pleas from an order of the board must be taken within twenty days of service of notice of the order unless the time be extended by the court for cause shown. In reversing the lower court's refusal to strike off the appeal as having been taken out of time, Judge Baldrige, in a well-considered opinion for the Superior Court, said,—"It is mandatory that appeals from the board to the court of common pleas must be taken within 20 days after notice has been mailed [see Sec. 406] unless for cause shown the court grants an extension of time within the 20 day limit [citing cases]. No such application was made in this case." It was accordingly held that the court below was without jurisdiction of the matter and that the refusal to strike off the appeal was itself appealable. So far as appealability is concerned, the lower court's order in the instant case is indistinguishable in principle from the order in the *McClain* case. In that case, as already stated, the appeal from the board's order was not taken within twenty days from notice of the award, as required by Section 427 of the Act. Here, the appellants from the board's order did not perfect their appeal by filing exceptions, as required by Section 427, within thirty days from the taking of the appeal. Both matters related to the jurisdiction of the courts below in the premises.

The learned court below assumed to entertain the appeal in this case in the belief that it had the power, for cause shown (which it deemed to be present), to extend the time for filing exceptions sur the appeal

beyond the thirty-day period prescribed by Section 427 of the Act. We know of no such statutory authority. Section 427 of the Workmen's Compensation Act, as amended, which controls the procedure in respect of appeals from orders of the Workmen's Compensation Board, provides, in presently material part, that "Any party may appeal from any action of the board on matters of the law to the court of common pleas . . . . Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless any court . . . to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal . . . shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take . . . ."

The provision in Section 427, authorizing a court of common pleas (or the county court in Allegheny County) to extend *the time for appeal* for cause shown did not become a part of the Workmen's Compensation Act until the amendment of June 22, 1931, P. L. 598. The provision requiring the appellant on an appeal from an order of the board to file exceptions in connection with his appeal within thirty days thereof was not added to Section 427 of the Act until the amendment of January 5, 1934, P. L. 216 (Spec. Sess. 1933-1934). And, neither then nor later did the legislature expressly confer authority upon the courts to extend the time for filing exceptions sur appeals. It is not without significance, in interpreting the legislative intent, that the very same amendment of January 5, 1934, supra, which, incidentally, increased the time for taking appeals from the board from ten to twenty days, left entirely unchanged the provision about the court's power to extend the time for taking an appeal for cause shown.

Aside from the instant case, the question whether the thirty-day period for the filing of exceptions, following an appeal from an order of the board, is mandatory has been passed upon in five other lower court cases in each of which the court either summarily quashed the appeal because of the appellant's failure to file the required exceptions within thirty days of the appeal or adjudged the appeal to be quashable: see *Constantini v. Hudson Coal Co.,* 40 Lackawanna Jurist 13, 14 (1938); *Schan v. Mesta Machine Co.,* 90 Pittsburg Legal Journal 350 (1941); *Sloop v. Kistler,* 56 Dauphin Co. Rpt. 254, 256 (1945); *Miller v. Clendening,* 55 D. & C. 673, 676 (1945); and *Michalski v. Beverly Farms, Inc.,* 95 Pittsburgh Legal Journal 70, 74 (1946). None of the unsuccessful parties in these cases sought to appeal to the Superior Court although the order in each case was unquestionably final.

It was not only logical but sound policy for the legislature, upon conferring power on the courts to extend, for cause shown, the time for taking an appeal from an order of the board, to withhold such power of extension in respect of the thirty-day period prescribed for the filing of exceptions on an appeal. The thirty-day limitation runs from the taking of the appeal so that any extension in the time of taking the appeal automatically extends commensurately the time for the filing of exceptions. Any further extension of the time for filing exceptions, after an appeal has been taken, could easily lead to a situation which, in the end, would flout the legislative policy that requires that appeals in workmen's compensation cases be given priority in the courts for their speedy and final disposition. Section 427 of the Act of 1915, as amended (77 PS §902), requires that "Any appeal from the action of the board to a court of common pleas or the county court of Allegheny County, as the case may be and from it to the

Superior Court shall take precedence over all other civil actions."

But, even if the power conferred on the courts by Section 427 to extend the time for taking an appeal from an order of the board should, by judicial interpretation, be read into the thirty-day time requirement in respect of the filing of exceptions on an appeal, the exceptions in this case would still be out of time. In order to obtain an extension of the time for taking an appeal, the application therefor, embracing the cause shown, must be made within the time limit prescribed by the statute for the taking of an appeal. For instance, in order to obtain an extension of the twenty-day limitation for the taking of an appeal, such extension must be sought and obtained within the twenty-day period. Such has been the correct and uniform ruling of the Superior Court with respect to this very provision of Section 427: see *Banks v. McClain*, supra, at p. 515; *Wilson v. National Freight and Delivery Co.,* 108 Pa. Superior Ct. 472, 474, 165 A. 259; and *Walatka v. Levin*, 100 Pa. Superior Ct. 489, 492- 493. The case last cited well stated the rule as follows: "Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time." In other words, in respect of the time for taking an appeal, the courts are authorized *to extend,* and *not to enlarge,* the time. It follows that, even in the mistaken view held by the court below, it was without power, after the thirty-day period had run without an attempted extension of the time, to accept the belated exceptions. On any score, therefore, the appeal was not within the jurisdiction of the court below and should have been quashed.

The order of the court of common pleas is reversed at the costs of the appellees and the record is remanded

with directions that the appeal from the order of the Workmen's Compensation Board be quashed.