## Massella v. Naticchione

*George T. Guarnieri,* for plaintiff.

*W. Glenn George,* for defendant.

ULLMAN, J., February 17, 1961.—We are of the opinion that the court of common pleas has no jurisdiction in this appeal in view of the fact that defendant insurance company failed to properly perfect its appeal from the decision of the Workmen's Compensation Board. We have raised this question on our own motion.

The history of this case is quite lengthy. On July 27, 1955, claim petition no. 137,755 was filed by claimant

and after answer filed and a hearing before Referee Herman on May 16, 1956, an award was made on July 10, 1956. On appeal by defendant, the board affirmed the award on November 7, 1956. On March 7, 1957, defendant insurance carrier, Boston Insurance Company, filed a "Petition to Review" wherein it set forth a subrogation claim. On March 22, 1957, judgment was entered on the award in the court of common pleas and damages were assessed in the sum of $7,175. Thereafter a petition was filed to stay execution until exhaustion of the alleged subrogation credit and a rule granted thereon was made absolute on April 22, 1957. An appeal, subsequently withdrawn, was taken to the Superior Court, which on August 17, 1957 entered an order remanding the record to the court of common pleas for amendment of its order dated April 22, 1957. On September 6, 1957, the lower court's order was amended and execution was stayed "until the amount of subrogation, if any, shall be determined by the Workmen's Compensation Board."

On July 31, 1959, the referee entered an award allowing subrogation and both parties prosecuted an appeal to the board. On May 17, 1960, an opinion and order was filed wherein claimant's appeal was sustained and defendant's appeal was dismissed. The board, in an opinion by Chairman Dorris, ruled that the insurance carrier was entitled to no subrogation whatsoever from the proceeds of the third-party tort action wherein a recovery had been made. In the original compensation proceeding, defendants vigorously resisted claimant's claim on the ground that she was not a dependent of decedent, though the establishment of this fact was crucial to the right of recovery in the tort action. The board ruled that the insurance company was guilty of laches; that it sought to enforce the equitable doctrine of subrogation but came into equity with unclean hands.

The board in its opinion stated that the insurance carrier "sat idly by" on its subrogation rights from July 1955 until March 7, 1957. The board forcefully observed that the insurance carrier had made no payment of any compensation up to May of 1960 even though "there was a final award on opinion of this Board on November 7, 1956 which was not appealed from by the defendant."

On July 6, 1960, notices of the board's decision were sent to all parties of record and the record remained with the board in its office at Harrisburg, with such final docket entry, until October 28, 1960, when a certiorari from the court of common pleas was received by the board. A certified transcript of the record was forwarded to the prothonotary immediately on the same date.

In this court, the record papers and docket entries show that on July 19, 1960, there was filed of record an "appeal from decision of Workmen's Compensation Board" which reads in its entirety as follows:

"Bruno Naticchione and Boston Insurance Company, Defendants, appeal from the Decision of Workmen's Compensation Board dated July 6, 1960, on the claim above mentioned." This document is signed by counsel for defendants as appellants and is supported by an affidavit. This is the notice of appeal and affidavit required by Pa. R. C. P. ★26(a). On the same date, July 19, 1960, "Exceptions To Award Of Workmen's Compensation Board" were filed. See Pa. R. C. P. ★26(b). The sum of $2 was paid to the prothonotary for the filing of the "Appeal" and $.50 was paid for the filing of the "Exceptions."

Nothing further was done to perfect the appeal until after the case came forward on the court's argument list on October 25, 1960. At that time it became apparent that the record was not before the court. On October 27, 1960, appellants filed a praecipe,

and a certiorari to the Workmen's Compensation Board exited returnable "Sec Leg." On October 31, 1960, the writ and record were returned to the prothonotary's office and filed.

At the time this matter was argued on October 25, 1960, and despite the fact that monies were necessarily due to claimant even if the subrogation claim were allowed in full, and despite the board's forceful criticism of the insurance company in this regard, there had not been paid any sum whatsoever to claimant.

Section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §872, authorizes an appeal "from any action of the board . . . to the court of common pleas" and further provides, 77 PS §873, that "Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served, . . . unless any [the] court . . . to which an appeal lies shall, upon cause shown, extend the time therein provided for taking the appeal."

The act further provides, 77 PS §874: "The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, . . ."

Section 427 further provides, 77 PS §875: "Upon filing of the notice of an appeal, the prothonotary of the court of common pleas . . . shall issue a writ of certiorari directed to the board, commanding it, within ten days after service thereof, to certify to such court its entire record in the matter in which the appeal has been taken . . ."

The proceedings under the Compensation Act of June 2, 1915, P. L. 736, are purely statutory, differing from the common law, and the appeal to the common

pleas court is in the nature of a certiorari: Morris v. Yough Coal & Supply Co., 266 Pa. 216 (1920) ; McCauley v. Imperial Woolen Company, 261 Pa. 312 (1918).

In Devlin v. Grabler Manufacturing Corporation, 151 Pa. Superior Ct. 216 (1943),[1] Judge, now President Judge, Rhodes, stated as follows, at page 219: "It thus appears that in order to perfect an appeal it is necessary that the prothonotary issue a writ of certiorari 'upon filing of the notice of an appeal.' Until this is done the record remains with the board. The court of common pleas is given no power to extend the time for taking an appeal from the board except 'upon cause shown.' Under this section of the act we have held that an appeal from the board must be taken within the prescribed time unless the court of common pleas upon application made within the statutory period extends the time for the taking of such appeal: Walatka v. Levin et al. (1930) 100 Pa. Superior Ct. 489, 492-494; Nelson v. National Freight and Delivery Co. et al. (1933) 108 Pa. Superior Ct. 472, 474, 165 A. 259."

The court further stated, page 220: "The right of appeal from the board to the court of common pleas is given by section 427 of the Workmen's Compensation Act, 77 PS §872, but it is provided in that section, 77 PS §873, that an appeal must be brought within the time and in the manner prescribed. It is the general rule that statutes requiring appeals to be taken and perfected within a certain time are mandatory and jurisdictional, and that the time cannot be extended by agreement or stipulation. 3 C. J. §1083, p. 1074; 4 C. J. S., Appeal and Error, §458. Where there is a statutory provision to extend the time or grant relief, a party, to be entitled to an extension

---

[1] Judge Crumlish's opinion for the lower court appears at 45 D. & C. 139 (1942).

of time or to relief in case of failure to proceed in time, must apply for such extension or relief in the manner and within the time, if any, fixed by the statute; and he must bring his case within the causes and conditions prescribed thereby. 3 C. J. §1078, p. 1070; 4 C. J. S., Appeal and Error, §458." See also opinion of Mr. Justice, now Chief Justice, Jones in Miles v. Masters, 374 Pa. 127 (1953); Hemminger v. Paul Kerlin Const. Co., 18 Somerset 19 (1957); Scoff v. American Bridge Co., 17 Beaver 211 (1956).

In this case since a writ of certiorari never issued until after expiration of the statutory appeal period the record remained with the board and the board's decision became final and definitive. We have considered the possibility that the filing of the notice of appeal may have been sufficient; that the use of the word "shall" in the phrase "the prothonotary . . . shall issue a writ of certiorari" placed a mandatory burden upon the prothonotary to forthwith issue the writ. However, such an interpretation would be extraordinarily burdensome upon the prothonotary and would require him both to "chase" counsel or party for his fees and to study all papers filed of record in his office. It is clear that no writ[2] issues out of the prothonotary's office except upon the filing of a praecipe for the writ and until the required fee is paid. It is counsel who is responsible for deciding that a writ is necessary.

The Act of May 31, 1957, P. L. 225, 17 PS §1587, commonly referred to as the Prothonotary's Fee Bill, in section 1 thereof fixes the fee for "Issuing a writ of certiorari" at $3 and section 3, 17 PS §1789, of the act provides as follows:

"The prothonotary shall not be required to issue any writ, docket any order of court or enter any

---

[2] There is an exception in zoning cases which is not here pertinent.

judgment thereon, or perform any service whatsoever, until the requisite fee is paid."

We shall file of record in this matter a letter dated December 7, 1960, which is in the nature of a brief filed by counsel for defendant. In this letter defendant takes the position that it was the prothonotary who failed to issue the writ; that the prothonotary should have called to his attention the necessity for payment of a fee as a prerequisite to issuance of a writ of certiorari; that appellant had the right to rely upon the Rules of Civil Procedure which allegedly spelled out what the prothonotary should do. We do not subscribe to this view that it was the prothonotary's duty to obtain any charge from the litigant. The statutory provision that the prothonotary shall not be required to issue any writ until the fee is paid is not a new one. See identical or virtually identical provisions in the Act of May 3, 1915, P. L. 226, secs. 1 and 3, as variously amended, 17 PS §1574; Act of May 12, 1911, P. L. 301, sec. 2, 17 PS §1579; Act of May 2, 1925, P. L. 504, sec. 2, 17 PS §1582; Act of June 28, 1947, P. L. 983, sec. 2, 17 PS §1584; Act of December 8, 1959, P. L. 1728, 17 PS §1591.

We have also considered whether the fact that an earlier appeal was taken in this matter affects our views as hereinbefore set forth. However, section 427, as amended, 77 PS §879, provides that where the record is remitted to the board for further hearing and determination, the procedure shall be the same as provided in the earlier portions of that article. In Groner v. Board of Public Education of the City [School Dist.] of Pittsburgh, 152 Pa. Superior Ct. 381 (1943) it was held that under this provision a new appeal from the board's action is required in order to authorize a review: See Matthews v. General Steel Castings Co., 34 Del. Co. 79 (1947). In this case the record was returned to the board for a determination of the subro-

gation question and when the record was so returned the case resumed the same posture it had before it was appealed and as if the board had taken no final action: Gurauskas v. Lehigh Navigation Coal Co., 54 Schuyl. 168 (1959); Driscoll v. McAlister Bros. 76 Pitts. L. J. 377 (1928); Brennan v. Philadelphia & Reading Coal & Iron Co., 27 Schuyl. 351, 394 (1930). After the board did take its final action defendants were required to timely prosecute and perfect their appeal

In the Devlin case, supra, Judge Rhodes further stated, at page 221: "In Wise v. Cambridge Springs Borough, 262 Pa. 139, 104 A. 863, our Supreme Court in considering the time limitation for taking an appeal to the Workmen's Compensation Board from an award or disallowance of compensation by a referee under section 419 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, held that the board had no jurisdiction to allow an appeal nunc pro tunc. In its opinion the court went on to say (pp 142, 143): ' "Where [an act of assembly] fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc": *Schrenkeisen et al. v. Kishbaugh, Coslett et al.*, 162 Pa. 45 [29 A. 284]'. See *Rumsey's Case*, 135 Pa. Superior Ct. 515, 517, 7 A. 2d 43; *Gordon et al. v. Tomei et al.*, 144 Pa. Superior Ct. 449, 460, 19 A. 2d 588; *Seem's Estate*, 341 Pa. 198, 200, 19 A. 2d 60. There may be exceptions as, for example, where the presence of fraud or its equivalent is shown. *Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154; *Higgins v. The Educators*, 147 Pa. Superior Ct. 400, 403, 24 A. 2d 19."

In this case the insurance company simply failed to properly perfect its appeal. There was here no "fraud or its equivalent." The duty to perfect an appeal is always upon the moving party and that duty cannot be shifted to the court's personnel, in conflict with settled practice, statutory requirements and reasonable procedures.

Finally, we have concluded that we have no discretion in this matter: see Banks v. McClain, 156 Pa. Superior Ct. 512 (1944); that the statutory appeal requirements are to be strictly complied with.

It follows therefrom that this court is without jurisdiction to entertain this appeal. Ordinarily this court is loathe to find itself in a position where for purely technical reasons it is unable to consider the merits of an issue. Even though in the present case, for the reasons hereinbefore set forth, we have reached the conclusion that we are without jurisdiction to entertain the appeal, we are pleased to be informed that a fair disposition of the questions raised has been reached by agreement between the parties.

### Order

And now, February 17, 1961, the court being without jurisdiction in this appeal, refuses to entertain the same and directs that the record be returned to the Workmen's Compensation Board.