Annette Phillips, Appellant, *v.* Workmen's Compensation Appeal Board, and American Oncologic Hospital, Appellees.

Submitted on briefs, October 30, 1973, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph A. Malloy, Jr.,* with him *Hamilton, Darmopray & Malloy,* for appellant.

*John F. McElvenny,* with him *Henry F. Furman,* for appellees.

OPINION PER CURIAM, November 13, 1973:

A change of procedure incident to perfecting an appeal from action of the Workmen's Compensation Appeal Board affords the basis for the motion of American Oncologic Hospital, appellee, to quash the appeal in this case.

On July 20, 1973, appellant timely filed her appeal from an order of the Board affirming a referee's determination that appellant was not entitled to compensation for want of proof of an accident. However, exceptions to the order of the Board were not filed until August 2, 1973, which date was more than twenty days after appellant received notice of the Board action but within twenty days of the date her appeal was filed.

As amended by the Act of February 8, 1972, P. L. , Act No. 12, 77 P.S. §§873, 874, Section 427 of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, now provides, in pertinent part: "Any party may appeal from any action of the board . . . to the Commonwealth Court. . . . Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless the Commonwealth Court, shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal . . . *within the said twenty days* shall file such exceptions to the action of the board as he may desire to take. . . ." (Emphasis added.)

Appellee contends the clear language of the statute requires that not only the appeal itself be filed within twenty days but also that the required exceptions be filed within the same time period. Appellant does not seriously argue that the controlling statutory language is capable of other interpretation but stresses the inequity that would be visited upon appellant if the appeal is not heard on its merits.

In *Commonwealth v. The Philadelphia Eagles, Inc.*, 89 Dauph. 141 (1968), *aff'd*, 437 Pa. 25, 261 A. 2d 309 (1970), it was held that statutory requirements to perfect an appeal within a specified time frame are jurisdictional. After reviewing a number of decisions on this subject reaching such a conclusion it observed that, "It is very apparent from these opinions that whatever the inclination of the court might be to correct what may amount to a hardship, under the law as it now stands we are without power to apply equitable principles in the face of the positive statutory requirements." 89 Dauph. at 146.

Appellant having failed to perfect her appeal by filing exceptions to the action of the Board within the

time limit fixed by statute, this Court is without jurisdiction to entertain the appeal.

### ORDER

Now, November 13, 1973, the motion of American Oncologic Hospital, appellee, to quash the above appeal is hereby granted. Appeal quashed.