504

George W. Moyer, Appellant, *v.* City of Pottsville, West End Hose Company No. 7, U. S. Fidelity & Guaranty Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued March 8, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Donald D. Dolbin,* with him *Cyrus Palmer Dolbin,* for appellant.

*Joseph A. McKenna,* with him *Williamson, Friedberg & Jones,* for appellee, City of Pottsville.

OPINION BY JUDGE CRUMLISH, JR., May 20, 1974:

This appeal is from an order of the Workmen's Compensation Appeal Board reversing a Referee's grant of

compensation to George W. Moyer (Moyer) under Section 104 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §22, which allows compensation to volunteer firemen under limited circumstances. The decision of the Board was dated September 27, 1973, and mailed to the parties thereto the same day. Moyer filed his appeal with this Court on October 16, 1973, the last day of the twenty day appeal period available to him under the 1972 amendment to Section 427 of the Act, 77 P.S. §§873, 874.[1] *See George General v. E. Roseman Co.,* 10 Pa. Commonwealth Ct. 569, 312 A. 2d 609 (1973) (wherein we held that mailing of the Board's decision constituted service, starting the running of the twenty day appeal period, but receipt of the appeal of this Court constituted filing of the appeal). Although his appeal was timely filed, Moyer did not file exceptions to the Board's order until October 26, 1973. This Court recently held in *Annette Phillips v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 521, 311 A. 2d 175 (1973) that Section 427 requires that both the appeal itself and exceptions be filed within twenty days of service of notice of the Board's decision in order to perfect an appeal to this Court.

As the record in this case reveals that Moyer's appeal was not perfected within the twenty day appeal period, and an extension of the above time limitation

---

[1] Section 427, as amended by the Act of February 8, 1972, P. L. , Act No. 12, 77 P.S. §§872, 873, 874, now provide in pertinent part: "Any party may appeal from an action of the board . . . to the Commonwealth Court . . . such appeal must in all cases be brought within twenty days after notice if the action of the board has been served upon such party, unless the Commonwealth Court, shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal . . . within the said twenty days shall file exceptions to the action of the board as he may desire to take. . . ."

has neither been applied for nor granted, we are without jurisdiction in this matter, and therefore must quash the appeal *sua sponte*.

## ORDER

Now, this 20th day of May, 1974, the appeal of George W. Moyer is hereby dismissed.