Paul Tulay, Claimant *v.* General Foam Corporation and Pennsylvania Manufacturers' Association Insurance Company, and Commonwealth of Pennsylvania and Workmen's Compensation Appeal Board. General Foam Corporation and Pennsylvania Manufacturers' Association Insurance Company, Appellants.

Argued September 25, 1978, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Anthony J. Ciotola,* with him *Louis G. Feldman,* and *Feldman and Ciotola,* for appellants.

*Joseph R. Ferdinand,* with him *Robert J. Gillespie, Jr.,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRAIG, January 31, 1979:

This is an appeal by General Foam Corporation and Pennsylvania Manufacturers' Association Insur-

ance Company (employer) from an order of the Court of Common Pleas of Luzerne County (lower court), wherein the lower court both affirmed the order of the Workmen's Compensation Appeal Board (Board) granting a rehearing for Paul Tulay (claimant), and granted claimant's petition to file exceptions nunc pro tunc to a previous order of the Board disallowing his claim. We reverse.

Claimant ceased employment with employer on February 16, 1965. On November 16, 1965, claimant filed a petition under The Pennsylvania Occupational Disease Act (Act)[1] alleging total disability as of February 16, 1965. A series of eight hearings were held on the claim between 1969 and 1972, and on August 2, 1972 the Workmen's Compensation referee awarded claimant compensation. Employer appealed the award to the Board, and on March 1, 1973 the Board reversed the referee and dismissed the claim.

On March 20, 1973, claimant took an appeal to this court, which, by order of April 27, 1973, transferred the appeal to the Court of Common Pleas of Luzerne County, the court having jurisdiction under this case by virtue of Section 427 of the Act, 77 P.S. §1527. In the order, President Judge BOWMAN stated that the appeal would be treated as if originally filed in the Court of Common Pleas on March 20, 1973.

Section 427 of the Act requires that claimant file exceptions to the actions of the Board at the time of taking the appeal or within thirty days thereafter. Claimant failed to do so. Nothing further was done on this case until September 26, 1974, when claimant filed with the Court of Common Pleas of Luzerne County a petition to file exceptions nunc pro tunc and a rule to show cause why those exceptions should not be filed,

---

[1] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq.

amending his petition on October 10, 1974 by appending his proposed exceptions.

Also, on September 30, 1974, claimant filed with the Board a petition for rehearing, which the Board granted by order dated October 23, 1975.

On November 10, 1975, employer appealed the Board's rehearing decision to the Court of Common Pleas of Luzerne County.

On July 7, 1977, Judge PETER PAUL OLSZEWSKI, writing for the court en banc of the Court of Common Pleas of Luzerne County, affirmed the Board's granting of the petition for rehearing and granted claimant's petition to file exceptions nunc pro tunc.

Claimant alleges, and the lower court in its opinion seemed to accept, that at the time claimant took his first appeal on March 20, 1973, his attorney merely handed claimant an appeal form, told him where to sign it, and directed him to mail it to Commonwealth Court. At that point, according to claimant's deposition, his attorney ceased to represent claimant. Claimant was unsuccessful in obtaining new counsel until the beginning of 1974, when present counsel accepted his case. It was through claimant's present counsel that he filed the petition for rehearing with the Board and the petition to file exceptions nunc pro tunc with the lower court.

The real issues posed by this appeal are, first, the effect of the failure to file exceptions to the Board's action within thirty days of the taking of an appeal, as required by Section 427 of the Act, and second, whether the Board has the power to grant a rehearing more than eighteen months after it has made a determination on a case, when Section 426 of the Act, 77 P.S. §1526, states that "such rehearing shall not be granted more than eighteen months after the board has made

such award, disallowance, or order or ruling, or has sustained or reversed any action of the referee.''

We hold on the first issue that failure to file exceptions within thirty days of filing an appeal strips the lower court of its jurisdiction to hear the case. The Pennsylvania Supreme Court so stated in *Miles v. Masters,* 374 Pa. 127, 97 A.2d 36 (1953), where, as here, a timely appeal had been filed to an action of the Board, but no exceptions had been filed within the thirty-day limit set by law. Justice Jones, after discussing the case of *Banks v. McClain,* 156 Pa. Superior Ct. 512, 40 A.2d 905 (1945), stated:

> In that case, as already stated, the appeal from the board's order was not taken within twenty days from notice of the award, as required by section 427 of the Act. Here, the appellants from the board's order did not perfect their appeal by filing exceptions, as required by section 427, within thirty days from the taking of the appeal. Both matters related to the jurisdiction of the courts below in the premises.

> The learned court below assumed to entertain the appeal in this case in the belief that it had the power, for cause shown (which it deemed to be present), to extend the time for filing exceptions sur the appeal beyond the thirty-day period prescribed by section 427 of the Act. We know of no such statutory authority.

374 Pa. at 130-31, 97 A.2d at 37.

*Miles* dealt with Section 427 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§872-74, which at the time of that decision was identical in all substantive respects to Section 427 of the Act at issue here.

In any event, it is axiomatic that an application for an extension either for filing an appeal or exceptions beyond the statutorily mandated time limit must be made within that time limit, and not after it has expired. *Miles, supra.* Therefore, in situations such as that presented here, the courts are without jurisdiction to accept belated exceptions. In *Phillips v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 521, 311 A.2d 175 (1973), this court, in a per curiam opinion, observed that statutory requirements for perfecting an appeal within a specified time are jurisdictional, and the courts are thus without power to apply equitable principles in the face of the statute.[2]

While we have in the past permitted the filing of appeals nunc pro tunc, *Drafts v. Bennett Shelburne Co.,* 26 Pa. Commonwealth Ct. 76, 362 A.2d 464 (1976), we have done so only upon a showing of fraud, or its equivalent. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973). As Judge BLATT wrote therein:

> 'Something more than mere hardship is necessary to justify an extension of time. . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion, or duress'. . . . While we recognize that the claimant was then unrepresented by counsel, this at most establishes merely a situation of hardship, not one where he has been subjected to any fraud or the

---

[2] *Phillips* dealt with Section 427 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§872-74, which, as has been stated, was and is substantively the same as Section 427 of The Pennsylvania Occupational Disease Act, 77, P.S. §1527, in question here. The only major difference is that at the time of the *Phillips* decision, Section 427 of The Pennsylvania Workmen's Compensation Act required appeals from the Board to be taken directly to Commonwealth Court, not to Common Pleas, as in Section 427 of the Act in question here.

equivalent which would justify granting an appeal nunc pro tunc.  (Citations omitted.)

9 Pa. Commonwealth Ct. at 536, 308 A.2d at 206.

Judge BLATT's opinion, of course, applies equally to the filing of exceptions nunc pro tunc under the rationale of *Miles, supra.*  Where, as here, the delay was caused by a third party unrelated to the employer or its insurance carrier, we do not find that to be fraud or its equivalent. In the present case, therefore, we must reverse the lower court, and deny  claimant's petition to file exceptions nunc pro tunc.

As already stated, the second issue posed by this appeal is whether the Board has the power to grant a rehearing more than eighteen months after it has made a determination on a case in light of the prohibition of Section 426 of the Act, quoted above.  We hold on this issue that under circumstances such as those here present, the Board cannot grant a rehearing.

The petition for rehearing in the present case was filed almost nineteen months after the Board's decision disallowing compensation.  As the lower court in its opinion frankly conceded, the eighteen-month time limit set forth in the statute is strictly enforced. The Superior Court in *Overmiller v. D. E. Horn & Company,* 191 Pa. Superior Ct. 562, 159 A.2d 245 (1960), dealt with Section 426 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §871, which was identical to the statute in question here.[3] Judge WOOD-

---

[3] In 1954, when the events leading to the *Overmiller* opinion occurred, both Section 426 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §871, and Section 426 of The Pennsylvania Occupational Disease Act, 77 P.S. §1526 had a one-year limitation. In 1956, both sections were amended to increase the time limitation to eighteen months, the former by Section 1 of the Act of February 28, 1956, P.L. (1955) 1120, and the latter by Section 1 of the Act of February 28, 1956, P.L. (1955) 1095.

SIDE in his well-written opinion in that case, citing case law and commentaries, stated that the right of action under the Pennsylvania Workmen's Compensation Act was created by that Act, which also contains the limitation period. The limitation therefore is in the nature of a condition put by the law upon the right given by the Act. Thus, if a rehearing is sought beyond the statutorily permitted time limit, then the right, and not merely the remedy, is extinguished, and cannot be revived or reinstated. The period of limitations may be extended, Judge WOODSIDE observes, by estoppel *as to causes which are not barred*. Thus, where an employer or administrative official misleads or deceives a claimant, the statutory period is tolled, but only until the last such misleading or deceptive statement or action ceases. *Drafts, supra; Palmer v. City of Pittsburgh,* 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973). In such a case, the limitation period is in reality merely extended, and the cause of action is therefore not barred.

The lower court and claimant suggest that a pending appeal in a Court of Common Pleas also tolls the eighteen-month limitation, citing Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §6.24(8)(a) (1975). We are unable to adopt that proposition because it is contrary to the language of the Act. Section 426 of the Act states:

> *The board,* upon petition of any party and upon cause shown, *at any time before the court of common pleas* of any county of this Commonwealth, other than Allegheny County, and in Allegheny County before the county court of Allegheny County, *to which an appeal has been taken* under the provisions of section four hundred twenty-seven of this article, *shall have taken final action thereon, may grant a rehear-*

*ing* of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; *but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or order or ruling,* or has sustained or reversed any action of the referee. (Emphasis supplied.)

This language clearly assumes that the eighteen-month period runs concurrently with an appeal to court, thus indicating that the taking of an appeal does not toll the limitation period.[4]

For the reasons set out above, the order of the lower court granting claimant's petition to file exceptions nunc pro tunc and affirming the Board's granting of a rehearing is reversed.

We are not unmindful of the hardship this unavoidable result may create, and are sympathetic to the position claimant is in because of it. However, claims must be cut off at some point, and Section 426 of the

---

[4] If the tolling proposition were correct, then the petition for rehearing would have been timely, just barely, because it is clear that it is the filing of a petition for rehearing, and not the Board's action on it, which tolls the limitation period. *Overmiller, supra.* Because failure to perfect the appeal stripped the lower court of its jurisdiction, the limitation period would have been suspended for a limited period. The lower court lost its jurisdiction on April 20, 1973, which is the day following the expiration of the thirty-day limit for filing exceptions, as discussed in the body of the opinion. From April 20, 1973 to September 30, 1974, the date of claimant's petition for rehearing, seventeen months and ten days elapsed. Adding to that the nineteen days between the Board's determination on March 1, 1973 and claimant's filing of appeal on March 20, 1973, claimant's petition for rehearing would have been filed seventeen months and twenty-nine days after the Board's action. However, in view of the unavoidable conclusion that an appeal does not toll the limitation period, the above calculation cannot be the governing one.

Act is a clear expression of the legislature's intent to do so in claims brought under the Act.

The Commonwealth of Pennsylvania also was a party throughout this case, and in this appeal. The referee in his decision of August 2, 1972 dismissed the Commonwealth as a party, and to this date no one has objected to that ruling. However, because of our decision in this case, it is not necessary to decide the merits of the Commonwealth's claim.

### Order

And Now, this 31st day of January, 1979, the order of the Court of Common Pleas of Luzerne County, dated July 7, 1977, in the above-captioned case, docketed at Nos. 2813 of 1973 and 9644 of 1975, is reversed and claimant's petition for rehearing to the Workmen's Compensation Appeal Board as well as claimant's petition to file exceptions nunc pro tunc are denied.